UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-1805 JGB (KKx)** | Date | November 13, 2020 |
| Title | *Estela Vega v. Walmart Inc., et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) GRANTING Plaintiff's Motion for Remand (Dkt. No. 12); and (2) VACATING the November 16, 2020 Hearing (IN CHAMBERS)**

Before the Court is Motion for Remand filed by Plaintiff Estela Vega. ("Motion," Dkt. No. 12.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion. The Court vacates the hearing set for November 16, 2020.

## I. BACKGROUND

On May 18, 2020, Plaintiff filed a Complaint for negligence and premises liability in the Superior Court of the State of California for the County of Kern against Defendants Walmart, Inc. ("Walmart") and Clinton Faucette. ("Complaint," Dkt. No. 4-1.) Though Walmart was served with a copy of the Complaint and a summons from the Superior Court on May 19, 2020, as of September 1, 2020, Defendant Faucette had not been served. ("Notice of Removal," Dkt. No. 1.)

On September 1, 2020, Walmart removed the action to federal court on the basis of diversity jurisdiction. (Notice of Removal.) However, on September 23, 2020—four months after Plaintiff filed her Complaint—Plaintiff, a citizen of California, finally served Defendant Faucette, also a citizen of California. (Dkt. No. 10.)

Two days later, Plaintiff filed the Motion to Remand.  (Motion.)  Walmart opposed the Motion on October 23, 2020 and included a declaration in support of its opposition.  ("Opposition," Dkt. No. 18; "Luna Declaration," Dkt. No. 19.)  The Luna Declaration includes an attached email from Plaintiff's counsel stating that Plaintiff's reason for including Mr. Faucette as a Defendant is to keep Plaintiff's case in state court.  (See Luna Declaration Exh. B.)  Plaintiff replied in support of the Motion on November 2, 2020.  ("Reply," Dkt. No. 20.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal district courts have original jurisdiction over civil actions in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Removal statutes are to be strictly construed, Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety, Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  See Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683-85 (9th Cir. 2006); see also Calif. ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute[.]").  "[A]ny doubt about the right of removal requires resolution in favor of remand."  Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

However, removal may be proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or "sham" defendant.  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).  "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.' "  GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (quoting Hunter v. Phillip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)).  A defendant invoking the latter must show that there is no "possibility that a state court would find that the complaint states a cause of action against any of the resident defendants[.]"  Id. (internal quotations and citations omitted).  Moreover, defendants asserting fraudulent joinder bear a "heavy burden" because of the presumption against finding defendants were fraudulently joined.  Id.

## III.   DISCUSSION

The parties agree: Mr. Faucette, manager of the Bakersfield Walmart where Plaintiff was injured, was included as a Defendant for the purpose of destroying diversity jurisdiction.  (See Luna Declaration Exh. B, "Mr. Faucette was named as a defendant so as to prevent Wal-Mart from removing the case to federal court.")  Walmart argues this constitutes fraudulent joinder.

(See Opposition.)  Plaintiff argues that the intent of Plaintiff's counsel is irrelevant to the fraudulent joinder analysis.  (Reply, pp. 1-2.)

Plaintiff is correct.  In order to establish fraudulent joinder, Walmart must prove Plaintiff's "inability" to establish a cause of action against Mr. Faucette.  See Thrower, 889 F.3d at 548.  It cannot meet that burden.  Plaintiff's Complaint alleges negligence and premises liability.  (Complaint.)  The elements of such claims are basic principles of tort: duty, breach, and proximate cause of resulting injury.  (Reply p. 5.)  Plaintiff has alleged—and may prove later— that as the manager of the Bakersville Walmart, Mr. Faucette owed her a duty of care that he breached by failing to inspect and maintain the Walmart in question, proximately causing Plaintiff's injuries.  (Id.)  Mr. Faucette has not been fraudulently joined.  Though the Court disapproves of Plaintiff's gamesmanship in refusing to serve Mr. Faucette until he was needed to defeat federal jurisdiction; such gamesmanship is not a relevant factor in the joinder analysis.

## IV.    CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion.  The action is hereby remanded to the Superior Court of the State of California for the County of Kern.  The November 16, 2020 hearing is VACATED.

**IT IS SO ORDERED.**